Steven C. Vondran, Esq. [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone: (877) 276-5084
E-mail:  steve@vondranlegal.com

Attorney for Plaintiff: *Dr. Elliot McGucken*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS ALLEN ROSAS an individual, STRATTON - LFCA, a California Corporation, CAROLINA CAMERO, an individual and DOES 1-10 inclusive.<br><br>Defendant(s) | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR A JURY TRIAL** |

COMES NOW Dr. Elliot McGucken ("Plaintiff"), hereby alleging as follows:

## JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, *17 U.S.C. §101 et seq.*

2.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to *28 U.S.C. §1331* (federal question) and *28 U.S.C.§*

1

COMPLAINT

*1338* (jurisdiction over copyright actions).

3.    This Court has personal jurisdiction over Defendant because Defendant is believed to reside within the Court's jurisdiction and infringement and damage was inflicted therein, and the brunt of the infringement injury was suffered in this jurisdiction.

4.    Defendants also do business within this jurisdiction including in the real estate brokerage industry.  It is not clear from reviewing the California DRE website just who the responsible broker is, but Plaintiff intends to add the broker once this is made clear.   A California broker has a duty to supervise licensed activity, including advertisements.

5.    Defendant also solicits business in this jurisdiction via an internet website.

6.    Venue in this judicial district is proper under *28 U.S.C. §1391 et seq.* and in that this is the judicial district in which a substantial part of the acts and/or omissions giving rise to the claims are believed to have occurred and where personal jurisdiction otherwise exists as Defendant's activities injured Plaintiff in this jurisdiction.

## **PARTIES**

7.    Plaintiff Dr. Elliot McGucken ("McGucken or "Plaintiff") is a professional photographer and author residing in Los Angeles, California.  He does not sell his images on stock art websites but rather, maintains a fine art photography brand.  He has sold his fine art for thousands of dollars and his work has appeared on the cover of Nikon magazine and in other photo-focused publications.

8.    Plaintiff routinely provides artwork to U.C.L.A. medical center. He also sells photography books which can be found on Amazon.com. His art and entrepreneurship course has been reported in the New York Times.

9.    Defendant CAROLINA CAMERO ("CAMERO") has willfully infringed Plaintiff's copyrighted image causing damage in this jurisdiction and has purposefully availed herself of the benefits and protections of this jurisdiction.  Defendant made an

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

intentional choice to use Plaintiff's valuable copyrighted imagery for her own personal gain and took volitional steps to insert Plaintiff's fine art photography into her website to seek to generate business, while intentionally refusing to seek or pay for any proper licensing fee.   She turned a blind eye, in reckless disregard of Plaintiff's federal copyright registration.

10.    Defendant DENNIS ALLEN ROSAS ("ROSAS") was the Broker of record and has willfully infringed Plaintiff's copyrighted image causing damage in this jurisdiction and has purposefully availed himself of the benefits and protections of this jurisdiction.

11.    Defendant STRATION – LFCA ("STRATION" and/or "Defendant" – Collectively both Defendants shall be hereby referred to as "Defendants") is a company believed to be doing business in this jurisdiction and is responsible for the infringement of Plaintiff's copyrighted photograph.

12.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants, and all fictitiously named Defendants.

13.    For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, independent contractors, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and, insurers of Defendants named in this caption.

**FACTUAL ALLEGATIONS**

14.    Plaintiff incorporates the allegations above as if alleged herein.

15.    Plaintiff is a fine art photographer and author and has a Ph.D. in physics. He does not sell his photographs via any "*stock images*" websites (like Getty or IstockPhoto) and instead is in the business of building a fine art brand with exquisite photos that are subject to widespread infringement requiring an ongoing enforcement efforts.

16.    This becomes a time consuming and frustrating matter for Defendant, and his brand is further injured by unauthorized companies using his photography in unknown and unauthorized manner.

17.    A simple review of Plaintiff's art makes clear this is a unique art brand, that is unfortunately, subject to widespread infringement cases, especially by real estate companies who try to capitalize financially off his fine art landscape photographs to spruce up their commercial websites.

18.    Much time and financial risk goes into each shoot including photography and equipment expense, travel costs, editing and other costs and Plaintiff bears these costs in building his brand.

19.    If people like Defendant misappropriate and infringe his works, this makes it all the more difficult to maintain control over his brand and his work gets plastered onto websites like Defendant's commercial website without authorization and without Plaintiff being able to control who uses his works and how they use his work, and for how long.

20.    Many persons incorrectly believe they can simply download and use his images, and other images found on the internet, without authorization, for their own commercial uses without paying for a proper license.  This is not the case and has lead to willful copyright infringement in this matter.  Ignorance of the law is no defense.

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

21.     Defendants have not paid for any licenses and had no consent to use any of Plaintiff's photos on any of their social media or commercial websites.

22.     Plaintiff is the sole author and rights holder to the original photograph(s) that were *willfully infringed* by Defendants") (the "Image"), a true and correct copy of the United States Copyright Registration is attached hereto as **Exhibit "A"** registration number VA0002226234.

23.     Defendants have willfully and unlawfully copied and/or reproduced and/or publicly displayed and distributed Plaintiff's Image, without consent or authorization commercially capitalizing of Plaintiff's copyrighted Work(s) and in a manner that dilutes the value of his work.

24.     Plaintiff discovered the Image being used on Defendant's Website within the applicable statute of limitations and demanded that the photo/image be taken down (see **Exhibit "B"** for Defendant's infringing use of the photo on Defendant's website)

25.     On information and belief, the Defendants knew they did not have permission to use the Image on the Website for commercial purposes, and willfully infringed Plaintiff's Image by consciously failing to obtain a proper commercial license and in willful disregard of the rights of the photographer.

26.     Defendant further alleges that the infringement in this case is indeed willful and malicious  as Defendants prove they understand copyright law by displaying a copyright notice on the bottom of their website (See **Exhibit "C")** and yet infringement Plaintiff's work in a manner to suggest to the public that Plaintiff's copyrighted image is actually her copyrighted image. Thus, defendant cannot claim innocent infringement.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### *[Against All Defendants]*

27.     Plaintiff incorporates by reference and re-alleges herein all of the above

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

paragraphs of this Complaint and all Exhibits as though fully stated herein.

28.     Plaintiff is informed and believes and thereon alleges that the Defendants willfully violated the exclusive rights of Plaintiff original copyrighted work and infringed upon Plaintiff's copyrighted Image in violation of *Title 17 of the U.S. Code*, in that it used, published, communicated, posted, publicly displayed, distributed, and/or otherwise held out to the public for commercial benefit, the original and unique copyrighted Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing manner on Defendant's Website while also creating the false impression that Defendant is the owner of the image.

29.     Defendants are a commercial real estate business that used the copyrighted Work for their own commercial benefit, to sell real estate.

30.     Plaintiff's image was used to provide an *air of luxury* in a manner seeking to increase their sales while seeking a "free-ride" on Plaintiff's fine imagery.

31.     Plaintiff did not consent to, authorize, permit, or otherwise allow, in any manner, Defendant's said use of Plaintiff's unique and original Image including for any reproduction, distribution, or public display on any of Plaintiff's website.

32.     Defendants willfully violated Plaintiff's exclusive rights to his Copyrights in regard to:

(a)     the exclusive right to **reproduce** its Works in Copies in violation of *17 U.S.C. §106(1) and §501*

(b)     **distribute copies** of the Works to the public in violation of *17 U.S.C. §106(3) and §501*

(c)     **publicly displaying** the copyrighted *Works in violation of 17 U.S.C. §106(5) and §105* by showing individual images of the Works.

33.     Thus, they intentionally infringed, and acted in complete disregard of Plaintiff's exclusive rights which, by law, Defendants are presumed to know and must

comply with.

34.    Defendants committed infringements "*willfully*" within the meaning of *17 U.S.C. §504(c)2* and was fully aware of the obligations of copyright law as they have a copyright symbol on their own website indicating they have knowledge of the importance and the requirements of copyright law.  This infringement is not accidental or innocent in nature.

35.    As a result of Defendants' willful violations of *Title 17 of the U.S. Code*, Plaintiff is entitled to any actual damages pursuant to *17 U.S.C. §504(b)*, or statutory damages in an amount from $30,000 up to $150,000.00 per infringement pursuant to *17 U.S.C§ 504(c)* and Plaintiff seeks no less than $30,000.

36.    As a result of the Defendants' violations of *Title 17 of the U.S. Code*, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to *17 U.S.C § 505*.  Plaintiff seeks these costs and reasonable attorney fees.

37.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to *17 U.S.C. § 502* to prevent Defendant and/or their agents, representatives, successors, assigns, contractors and others from engaging in future acts of infringement of Plaintiff's valuable copyrighted works.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For an award of actual damages and disgorgement of all of Defendants profits attributable to the infringement as provided by *17 U.S.C. §504* in an amount to be proven at trial, or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount no less than $30,000 up to $150,000.00 for each willful infringement pursuant to *17 U.S.C. §504(c),* whichever is larger;

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

- For an order pursuant to *17 U.S.C. §502(a)* enjoining Defendants from any further infringing use of any of Plaintiff's Image;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to *17 U.S.C. §505*;

- For an award of pre- and post-judgment interest; and

- For any other relief the Court deems just and proper.

- Plaintiff hereby demands a jury trial

Respectfully Submitted,

DATED: November 17, 2025    **THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**

By:  /s/ Steven C. Vondran, Esq.
Steven C. Vondran, [SBN 232337]
ATTORNEY FOR PLAINTIFF
DR. ELLIOT MCGUCKEN
620 Newport Center Drive, Suite 100
Newport Beach, CA 92660
Telephone: (877) 276-5084
E-mail:  steve@vondranlegal.com

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr.. Suite 1100
Newport Beach, California 92660